## Names Usable by Married Women

PACKEL, Attorney General, January 31, 1974.—On several occasions our advice has been requested regarding the name under which a woman may register for purposes of licensure with the various boards and commissions under your jurisdiction. We have already advised the State Board of Nurse Examiners and State Board of Funeral Directors on this subject and, at the request of Ms. Arline Lotman, Executive Director of the Governor's Commission on the Status of Women, we deem it appropriate to advise you formally of our opinion as it is applicable to all such boards and commissions.

In Opinions No. 62, 3 Pa. B. 2155, and No. 72, 3 Pa. B. 2657, we considered, respectively, the rights of married women to use other than their husband's surname for purposes of motor vehicle registration and voter registration. The conclusion of Opinion No. 62, which we followed in Opinion No. 72, was that a person has the right to use any of the following names:

"(1) [T]he name assigned to a person at birth; (2) in the case of a married woman, the surname of her husband, if she so elects; (3) the name appearing in a court order in the case of a person whose name has been changed, pursuant to statutes, by judicial action; and (4) in the case of an individual who uses a name other than that which would be determined by one of the above methods, the name by which such person is and has been known as demonstrated by reasonable evidence. While not intended to be inclusive, such evidence may include tax, social security, selective service and voter registration records."

794

In Opinion No. 62, we were concerned with the statutory language: "actual name." In Opinion 72, we dealt with the construction of the word "surname." In both opinions, we concluded, as set forth in the above-quoted portion, that a woman has the right to use that name by which she consistently elects to be identified.

We have reviewed the various licensing statutes under your jurisdiction. They contain no special provisions regarding the name under which a licensee may be registered, with the exception of certain references to fictitious or corporate names which are allowed in certain professions. Insofar as individual licensees are concerned, the statutes refer, generally, to the "name" of the licensee. Accordingly, it is our opinion, and you are hereby advised, that the above opinions are equally applicable to the boards and commissions under your jurisdiction and that individual licensees may be registered under such names as are allowed therein. Please make this opinion known to each such board and commission.